HELEN G. McBRYDE, ADMINISTRATRIX OF THE ESTATE OF NELL I. STEWART v. SINA I. FEREBEE, WIDOW; JULIA I. SMITH, WIDOW; LUDIE I. BAYSDEN, WIDOW; CHURCH IPOCK; LOUIS I. IPOCK; W. A. IPOCK; VERNICE FULCHER; PAT WILSON; BONNIE BRINKLEY; RILEY O. GODLEY; JAMES ARTHUR IPOCK, WIDOW

No. 7911SC836

(Filed 1 April 1980)

**Wills § 62— joint will—simultaneous death requirement for beneficiaries to take**

In order for the named beneficiaries to take under the provisions of a joint will, the will required that the testator and testatrix must have been killed or suffered death in one of the ways contemplated by the Uniform Simultaneous Death Act, G.S. 28-161.1 (now G.S. 28A-24-1), and since this did not occur, the estate of the testatrix passed to her heirs at law.

APPEAL by certain of the defendants from *Preston, Judge.* Judgment entered 6 June 1979 in Superior Court, LEE County. Heard in the Court of Appeals 18 March 1980.

This is an action for a declaratory judgment construing the will of Nell I. Stewart. J. L. Stewart and his wife Nell I. Stewart executed a joint will in 1954. J. L. Stewart died 15 February 1977, and Nell I. Stewart died two months later. Under the joint will, the survivor of J. L. Stewart and Nell I. Stewart was to receive the entire estate of the other. The will also contains this provision:

"*ITEM THREE*: If J. L. Stewart and Nell I. Stewart, his wife, shall both be killed or suffer death in one of the situations contemplated by Article 17-A of Chapter 28 of the General Statutes of North Carolina, then in that event, it is the will, intention and desire of the testators that the entire estate of said parties go, share and share alike to Riley Godley and

Mrs. Helen Godley McBryde, their heirs and assigns, in fee simple and absolutely forever. . . ."

From a judgment holding Helen G. McBryde and Riley O. Godley to be the sole beneficiaries under the will of Nell I. Stewart, all defendants except Riley O. Godley appealed.

*Staton, Betts, Perkinson and West, by William W. Staton and Stanley W. West, and Henderson and Baxter, by David S. Henderson, for plaintiff appellee.*

*Love and Wicker, by Jimmy L. Love, for defendant appellants.*

WEBB, Judge.

We hold that the will of Nell I. Stewart is not ambiguous and that Helen G. McBryde and Riley O. Godley take under the will only in the event of certain contingencies which did not occur. As we read Item Three of the will, in order for Helen G. McBryde and Riley O. Godley to take under the will, J. L. Stewart and Nell I. Stewart must have been killed or suffered death in one of the ways contemplated by the Uniform Simultaneous Death Act, G.S. 28-161.1 (now G.S. 28A-24-1). This did not occur, and the estate of Nell I. Stewart passes to her heirs at law.

The superior court held and appellee argues the contingencies of Item Three should be construed in the disjunctive; that is, if J. L. Stewart and Nell I. Stewart were either killed or died in a situation contemplated by the Uniform Simultaneous Death Act, the estate of Nell I. Stewart would pass under Item Three of the will. The superior court then found the word "kill" to be ambiguous and took evidence as to the testamentary intent of Mr. and Mrs. Stewart. We hold that if this disjunctive interpretation of Item Three is correct, the phrase "shall both be killed" is not ambiguous. We believe the words "be killed," in their ordinary meaning, connotes some external force causing death. *See* Black's Law Dictionary 782 (5th Ed. 1979) for a definition of "kill." Neither J. L. Stewart nor Nell I. Stewart was killed.

We reverse the superior court and remand for an order consistent with this opinion.

Reversed and remanded.

Judges HEDRICK and WELLS concur.